UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                                      Plaintiff,<br><br>v.<br><br>JOSE JAIME GARCIA,<br><br>                                      Defendant. | Case No.: 3:24-CR-01957-JO-3<br><br>**ORDER DENYING DEFENDANT'S EX PARTE MOTION TO RECONSIDER DETENTION**<br><br>**[ECF No. 106]** |

      Before the Court is Defendant Jose Jaime Garcia's Ex Parte Motion to Reconsider Detention. ECF No. 106. Defendant was charged in an indictment issued by a Grand Jury in the Southern District of California. ECF No. 1. Defendant was arrested on November 13, 2024, in this district. ECF No. 76. Defendant had his initial appearance on November 18, 2024, before the undersigned. ECF No. 77. At his initial appearance, the Government moved to detain Defendant pending trial based on a serious risk of flight. *Id.* The Court granted the Government's motion after a hearing on November 21, 2024, based on the nature and circumstances of the offense, criminal history, failures to appear in court as ordered, violations of probation or supervised release, lack of a stable residence, history of alcohol or substance abuse, and the weight of the evidence (although that is the least important factor. ECF No. 95. The Court noted in particular that Defendant's criminal

history reflected failures to appear in 2008, 2009, 2010, 2011, 2012, and 2013; and probation or supervised release violations in 2006, 2008, 2009, 2011, 2012, 2017, and 2018. *Id.*

Defendant now asks this Court to reconsider this Court's order on the grounds that Defendant is willing to enter into a residential substance abuse program, and that substance abuse treatment will be sufficient to mitigate any risk of flight. ECF No. 106. Defendant points out that he has three children and the support of his fiancée and her father. *Id.* Defendant explains that he has not had any contact with law enforcement or failures to appear in the last four years, and that his previous failures to appear were due to his drug addiction. *Id.* Defendant asks to be released on a $20,000 personal appearance bond secured by the signature of one financially responsible adult with location monitoring restrictions and substance abuse treatment. *Id.*

The Government opposes the motion, noting that the charges against Defendant carry a presumption of detention that Defendant has not rebutted. ECF No. 111. The Government relies on the nature and circumstances of the charges, which allege that Defendant knowingly engaged in distribution of methamphetamine and fentanyl. *Id.* The Government points out that the evidence against Defendant is strong, based on wiretap intercepts. *Id.* The Government also relies on Defendant's multiple failures to appear and probation violations, emphasizing that in a previous case in this district, Defendant failed to complete substance abuse treatment as ordered by the Court, raising the issue of whether a substance abuse treatment condition would be sufficient to ensure Defendant's appearance. *Id.*

The Court finds that this matter is suitable for determination without a hearing. *United States v. Dodd*, No. 20-cr-0016, 2020 WL 1547419, at *1 (D. Minn. Apr. 1, 2020); *United States v. Martin*, No. PWG-19-140-13, 2020 WL 1274857 (D. Md. Mar. 17, 2020) (no requirement to hold a hearing on request for reconsideration of order of detention).

The Court is not persuaded that the additional facts presented by Defendant regarding his willingness to enter residential substance abuse treatment, the availability of

1  a surety, or the support of his family warrant reconsideration of the Court's prior detention
2  order. Defendant's lengthy record of failures to appear, probation violations, and
3  supervised release violations demonstrate he presents a serious risk of flight. This is even
4  more evident considering the seriousness of the charges against Defendant and the potential
5  sentence he is facing. In light of all the circumstances, Court sees no evidence that
6  Defendant does not continue to present a serious risk of flight.

7  Therefore, the Court **DENIES** Defendant's Ex Parte Motion to Reconsider
8  Detention.

9  **IT IS SO ORDERED.**

10  Dated:  December 19, 2024

_____
Honorable Allison H. Goddard
United States Magistrate Judge